## C. L. Hy. Meissner, Defendant in Error, v. George Reichhold, Plaintiff in Error.

### Gen. No. 16,815.

1.  ARCHITECTS AND ENGINEERS—*when defense that plans were incomplete is irrelevant.*  Where an architect sues to recover for services in drawing plans and specifications and preparing estimates of the cost of a building, and it is established that the plans were only preliminary and for the purpose of obtaining an estimate of cost, testimony tending to establish a defense that the plans were incomplete and defective is irrelevant.

2.  ARCHITECTS AND ENGINEERS—*amount of compensation.*  Where in an action by an architect to recover for drawing plans and specifications and preparing estimates of the cost of a building, it appears that the plans were only preliminary and for the purpose of obtaining an estimate of cost, and witnesses on both sides testify that one per cent. of the estimated cost is the proper price for such services, only such amount can be recovered.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding.  Heard in this court at the October term, 1910.  Reversed and judgment here.  Opinion filed January 27, 1913.

ROMAN G. LEWIS and McINERNEY, POWER & BYRNES, for plaintiff in error.

JOHN H. STURGEON and S. DABELSTEIN, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought suit against the defendant, here the plaintiff in error, in the Municipal Court of Chicago to recover for services rendered to the defendant by the plaintiff. The case was submitted to the court without a jury. The court found the issues for the plaintiff and assessed his damages at $339.29, and entering judgment on the finding, the defendant sued out this writ of error.

The plaintiff was an architect and testified that the defendant employed him to draw plans and specifications and prepare estimates for the building of a theatre the defendant considered constructing on a certain lot owned by the defendant, and shown plaintiff; and the defendant told him "that he did not want to go ahead with the building before he knew what it would cost him;" that he accordingly prepared certain plans and specifications and the estimated cost of such building was $14,643.00. For this service he claimed compensation on the basis of 3 per cent. of the said estimated cost.

The defendant admitted an employment of the plaintiff to make preliminary drawings and furnish an estimate of the cost of a building constructed accordingly. The estimate being too high, he declined to proceed with the building. The parties had been friends for many years, but not being able to agree upon the amount to be paid for said services, the plaintiff brought suit to recover therefor.

On the trial the defendant contended that the plans were incomplete and defective. On the defendant's testimony that the plans were only preliminary and for

the purpose of obtaining an estimate of the cost of building a theatre on said lot, and all of the evidence on both sides clearly establishing that such was the contract, the testimony tending to establish said defense must be here held irrelevant. The further contention that the defendant was not liable under the evidence for the amount fixed by the court, we think is correct. An expert witness called by the plaintiff to prove the value of his said services, testified on cross-examination in substance that for furnishing preliminary plans and information on the cost of the building, the "generally accepted price" was one per cent. of the estimated cost. The testimony for the defendant was that the reasonable and customary price for such services was one per cent. of the estimated cost. The case was tried by the court without a jury; the contract being established, the work required thereunder having been performed, and the reasonable and customary charges therefor appearing fixed, we think the court should have entered judgment therefor. Accordingly the judgment is reversed and a judgment here entered for the plaintiff against the defendant for $146.43, being one per cent. of the estimated cost.

*Reversed and judgment here.*